Santini Fertilizer Co., demandante y apelante, *v.* Felipe G. Dávila, demandado y apelado. Santini Fertilizer Co., demandante y apelada, *v.* Felipe G. Dávila, demandado y apelante.

Núms. 6625 y 6731.—*Sometidos*: Enero 24, 1936.  *Resueltos*: Diciembre 18, 1936.

*R. Buscaglia,* abogado de la demandante, apelante y apelada; *Arturo Aponte,* abogado del demandado, apelado y apelante.

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> C<small>ÓRDOVA</small> D<small>ÁVILA</small>, emitió la opinión del tribunal.

Es ésta una acción en cobro de una serie de pagarés, intereses y honorarios de abogado convenidos, iniciada por Santini Fertilizer Co. contra Felipe G. Dávila. Admitió el demandado el otorgamiento de los pagarés, pero alegó que había pagado algunos en los cuales era único deudor y que había sido exonerado del pago de los demás, en algunos de los cuales aparecía firmando solidariamente con Francisco Rodríguez y en otros con Ramón Díaz. Se trata, pues, de tres grupos de pagarés que mencionaremos en lo sucesivo como los pagarés de Dávila, de Rodríguez y de Díaz respectivamente. La prueba del demandado tiende a demostrar que allá para mayo de 1930 la demandante venía insistiendo en que el demandado saldara los pagarés de Dávila y los de Rodríguez. Con tal motivo se llevó a cabo una conferencia en esa fecha en el banco de Yabucoa, estando presentes, entre otros, el demandado, W. B. Almon, empleado de la demandante, y Rafael Buscaglia, abogado de la referida firma.

El demandado expuso que él no podía pagar las obligaciones de Rodríguez. Almon le dijo que si satisfacía sus propios pagarés se le daría un plazo a Rodríguez hasta junio 30, 1930, y si no pagaba entonces, se demandaría a Rodríguez. El demandado explicó que no podía pagar sus pro-

pias obligaciones en esa fecha, pero ofreció a Almon una carta que éste aceptó, dirigida por el demandado a la Yabucoa Sugar Co., autorizando a esta compañía azucarera para pagar a la demandante una suma igual al montante de dichos pagarés, del producto de ciertas cañas que venía moliendo el demandado en la factoría de la compañía mencionada. Aseguró el demandado a Almon que si el producto de las cañas no alcanzaba a cubrir sus pagarés, él saldaría cualquier déficit en junio de 1930. Llamó el demandado la atención a Almon sobre los pagarés de Díaz y le manifestó que no podía hacerse cargo de ellos, a lo que contestó Almon que lo de Díaz estaba bastante garantizado y que la demandante se entendería directamente con Díaz. Por sugestión de su abogado, el demandado solicitó de Almon que se hiciera constar por escrito lo convenido y Almon le contestó que no podía hacer constar nada por escrito, que no había recibido dinero alguno, que cuando recibiera el dinero expediría un recibo haciendo constar que el demandado había satisfecho sus propios pagarés y quedaba relevado de su obligación por concepto de los pagarés de Díaz y de Rodríguez. Pocos días después Almon escribió a Rodríguez concediéndole un plazo hasta junio 30, 1930, para satisfacer sus pagarés.

La prueba de la demandante no difiere esencialmente de la del demandado, excepto en cuanto a los pagarés de Rodríguez y Díaz. Sobre este particular los testigos de la demandante, Almon y Buscaglia, negaron que se hubiese hablado de relevar a Dávila de su obligación en cuanto a dichos pagarés, y afirmaron que sólo se le dijo al demandado que la demandante haría esfuerzos para cobrarle a Rodríguez y a Díaz directamente.

La demanda se radicó en junio 9, 1930. En esa fecha Yabucoa Sugar Co. no había hecho remesa alguna a la demandante ni se había obligado en forma alguna para con la misma.

La corte inferior declaró con lugar la demanda en cuanto al principal de todos los pagarés de Dávila, sin lugar en cuanto a las costas, intereses y honorarios de abogado convenidos en dichos pagarés, y sin lugar en cuanto a los pagarés de Rodríguez y de Díaz. Aunque la opinión de la corte no es clara, aparentemente creyó probada la defensa de exoneración del demandado en cuanto a los pagarés de Rodríguez y de Díaz y no creyó probada la defensa de pago de los pagarés de Dávila. Dice la corte, no obstante, que la demandante procedió incorrectamente al demandar en cobro de los pagarés de Dávila y por esa razón, aunque condena a Dávila a pagar el principal de los pagarés, le niega a la demandante los intereses y honorarios convenidos. No expone la corte los fundamentos que tuvo para su conclusión de que procedió incorrectamente la demandante. Su resolución, sin embargo, nos da la impresión de que probablemente consideró la corte que la demanda fué prematura, que los pagarés de Dávila no eran exigibles sin antes reclamarse su pago de la Yabucoa Sugar Co.

Como es natural, ambas partes han recurrido de la sentencia dictada, habiéndose argumentado y sometido ambas apelaciones conjuntamente. La demandante señala como errores, entre otros que no consideramos pertinentes al caso, los que sostiene cometió la corte al no conceder intereses ni costas en los pagarés de Dávila, y al resolver que el demandado fué exonerado del pago de los pagarés de Díaz y de Rodríguez. El demandado señala como errores los que dice cometió la corte al no declarar la demanda sin lugar en su totalidad y al no condenar a la demandante en costas.

Consideremos en primer término los errores apuntados por el demandado. Es obvio que la corte inferior erró al condenar al demandado al pago de uno de los pagarés de Dávila, montante a $42.34, pues de la propia demanda aparece que no estaba vencido al iniciarse este liti-

gio. La demanda fué radicada en 9 de junio de 1930 y el pagaré mencionado no vencía hasta julio 18 de dicho año. En cuanto al resto de los pagarés de Dávila, sostiene el demandado que se le concedió un plazo, hasta junio 30, para su pago, que la demanda fué por lo tanto prematura, y que erró la corte al condenarle al pago del principal de dichos pagarés. No alegó el demandado esta defensa en su contestación. Lo que se alegó es que los pagarés se pagaron mediante entrega a la demandante de la carta dirigida por el demandado a la Yabucoa Sugar Co. Además, la prueba no demuestra que se concediera tal plazo. Es cierto que al entregar la carta el demandado ofreció liquidar la deuda el 30 de junio de 1930, pero no aparece que la demandante se obligara a esperar hasta dicha fecha. El mero hecho de que un deudor ofrezca pagar una deuda vencida en una fecha determinada o con anterioridad a la misma, no basta para establecer una prórroga. Es necesario que el acreedor se obligue, y en el caso de autos ni se alegó ni se probó que el acreedor conviniera en una prórroga. No puede decirse, por lo tanto, que incurriera en error la corte inferior al no resolver que se concedió una prórroga o al condenar al demandado al pago de los pagarés de Dávila.

Sostiene además el demandado, aunque en forma un tanto ambigua, que los pagarés de Dávila fueron pagados mediante la entrega de la carta dirigida por el demandado a la Yabucoa Sugar Co. Decimos que es ambigua la posición del demandado, porque a veces sostiene que la carta se entregó en pago, y a veces que se entregó como garantía colateral. Entiende el demandado que dicha carta es un giro, una letra de cambio mercantil. Si la demandante hubiese convenido en recibir una letra de cambio aceptada por la Yabucoa Sugar Co., en sustitución de los pagarés de Dávila, no hay duda que éstos hubiesen quedado extinguidos. Tal cosa no surge de la prueba. La carta dice como sigue:

"Banco de Yabucoa.
Yabucoa, Puerto Rico,
mayo 1 de 1930.

The Yabucoa Sugar Co.,
Humacao, Puerto Rico.

Muy Sres. míos y amigos:

Espero que tan pronto se cubra la cantidad de $3,129 que le adeudo al Banco de Yabucoa, más un dollar para corte y arrimo por cada tonelada de caña que Uds. me liquiden, espero tengan la amabilidad de remesar a los Sres. Santini Fertilizer Co., de San Juan, $1,000, y así sucesivamente hasta que se cubra la cantidad de $2,359.01 en dos liquidaciones más.

Anticipándoles las gracias por su atención a este asunto, quedo de Uds., atto. amigo y s. s.

(fdo.) Felipe G. Dávila
O. K. Banco de Yabucoa
(fdo.) D. L. Corretjer,
Manager."

Es evidente que no se trata de una letra de cambio, pues la carta referida no envuelve una orden incondicional de pagar dinero. Aunque así fuera y aunque hubiese sido aceptada por la Yabucoa Sugar Co., la prueba del propio demandado, que ya hemos expuesto, establece definitivamente que la demandante se negó expresamente a aceptar la carta en pago de los pagarés. No cometió error la corte inferior al no resolver que los pagarés de Dávila quedaron extinguidos mediante la entrega de la carta.

El último error señalado por el demandado consiste en no haberse condenado a la demandante en costas. Es innecesario decir que este error debe ser desestimado.

Hemos resuelto los errores atribuídos a la corte inferior por el demandado. Pasamos ahora a considerar los que señala la compañía demandante. No hay duda de que la corte inferior erró al negarle a la misma los intereses convenidos sobre los pagarés de Dávila, exceptuando, desde luego, el pagaré que no había vencido al iniciarse la acción. Si los pagarés exigibles no habían sido pagados y si procedía

sentencia por el importe de los mismos, no existe razón alguna ni la expone la corte inferior, para negarle a la demandante el derecho a los intereses convenidos.

■ Se alega además que la corte inferior cometió error al declarar sin lugar la demanda en cuanto a los pagarés de Díaz. A juicio del tribunal inferior la demandante exoneró al demandado de estas obligaciones. La prueba más favorable al demandado es al efecto de que el Sr. Almon ofreció a dicho demandado relevarle del pago de los pagarés de Díaz si pagaba los suyos propios y que Almon se negó expresamente a exonerar al demandado del pago de los pagarés de Díaz hasta tanto no recibiera el importe de los pagarés de Dávila. Sin detenernos a considerar si Almon tenía a no autoridad para exonerar al demandado de sus obligaciones para con la demandante, y sin parar mientes en la cuestión de si una exoneración gratuita surte efecto de acuerdo con el derecho civil, creemos que la prueba claramente demuestra que no hubo tal exoneración, sino una mera oferta del Sr. Almon al demandado de exonerar en el futuro, siempre que el demandado pagase sus propios pagarés. Esta oferta podía ser retirada en cualquier momento antes de ser aceptada, y en efecto lo fué al radicarse la demanda en que se reclama el importe de los pagarés de Díaz, junto con los demás. Debemos hacer constar, sin embargo, que entre estos pagarés hay tres que no habían vencido cuando se radicó la demanda. Los referidos pagarés, cuyo importe asciende a $758.64, vencían en los días 12, 13 y 14 de junio de 1930, y como ya dijimos antes, la demanda se radicó en 9 de junio de dicho año. Erró, por lo tanto, la corte inferior al declarar sin lugar la demanda en cuanto a los pagarés de Díaz, exceptuando los tres pagarés que acabamos de mencionar.

■ En lo que atañe a los pagarés de Rodríguez, sostiene la demandante que la corte inferior incurrió en error al declarar sin lugar la demanda. El pronunciamiento de la corte se basa no solamente en la exoneración, sino también

en la prórroga concedida a Rodríguez hasta junio 30, 1930. La prueba demuestra que Almon ofreció prorrogar, y que posteriormente la demandante escribió a Rodríguez concediéndole una prórroga hasta dicha fecha. Como quiera que Rodríguez y el demandado se obligaron solidariamente, la prórroga concedida a Rodríguez benefició al demandado, siendo por lo tanto prematura la acción que se ejercita en cuanto a los pagarés de Rodríguez. No incurrió en error el tribunal *a quo,* al desestimar la demanda en cuanto a estos pagarés.

Como ya hemos indicado, la resolución de la corte inferior nos parece correcta en cuanto se relaciona con las costas. La demandante insiste, sin embargo, en que los pagarés suscritos por el demandado lo obligan expresamente al pago de los gastos en que incurra su tenedor al cobrarlos, incluyendo los honorarios de abogado. Es cierto que el demandado convino en satisfacer al demandante "todos cuantos gastos ocasione el cobro de las obligaciones, honorarios de abogado inclusive." En la demanda se alega esta obligación y se dice que la demandante ha satisfecho a su abogado la cantidad de $1,200 para tramitar este litigio. Se ofreció prueba en apoyo de esta alegación; pero como hay obligaciones cuyo pago ha sido exigido prematuramente, la demandante no puede obtener gastos que se le hayan ocasionado en el cobro de las obligaciones que resultan prematuras. Teniendo en cuenta estas circunstancias y la prueba aportada, nos permitimos fijar en la suma de $500 los gastos de honorarios de abogado en que ha incurrido la parte demandante.

La sentencia apelada debe modificarse en el sentido de declarar con lugar la demanda en cuanto a los pagarés numerados del 4 al 14 y del 16 al 23 inclusive, con intereses convenidos al 12 por ciento anual desde el vencimiento de cada pagaré hasta su completo pago, y sin lugar en cuanto a los pagarés numerados 1, 2, 3, 15, 24, 25 y 26. Debe, además, condenarse al demandado a satisfacer a la deman-

dante los gastos por honorarios convenidos, que se fijan en $500, sin especial condenación de costas, y *así modificada, confirmarse la sentencia apelada.*

Los Jueces Señores Presidente del Toro y Asociado Travieso no intervinieron.